## INJURED ON LEASED PREMISES WHILE LANDLORD WAS MAKING REPAIRS

Circuit Court of Summit County.

FRANK GRUBER V. MICHAEL AUSTGEN ET AL.

Decided; October 8, 1908.

*Landlord and Tenant—Personal Injury Through Defect in Premises—*
*—Landlord Not Liable, When.*

In an action for damages for personal injuries received by falling into an opening in a floor which was being repaired by a landlord with the consent of his tenant, it is not sufficient to charge the landlord to allege that he was in possession of the premises in common with the tenant, such allegation implying the tenant's consent to the landlord's entry. It is only where the landlord reserves the right to enter for the purpose of making repairs *without* the tenant's consent, that he can be held liable in such case.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for damages for personal injuries sustained by plaintiff by reason of falling into an opening in the floor of a rear room adjoining the saloon of defendants, Austgen & Pfeiffer, tenants of defendant Ley. Both rooms were leased to the tenants. The third amended petition seeks to hold both the landlord and his tenants, but a demurrer by the landlord to this petition was sustained, and plaintiff not desiring to plead further, the landlord was dismissed from the action and the case is properly here for review on error.

Plaintiff was a customer of the saloon-keeper and lawfully upon these premises. Having occasion to go to the water closet in the rear of the building he passed through the rear room in safety, but upon returning, fell into the hole complained of. This happened about nine o'clock in the evening.

The allegation in the petition relied upon by plaintiff to save his case against the landlord, is as follows:

"Plaintiff further says that just prior to the time of the receipt of the injuries complained of, the said Adolph A. Ley, the owner of said premises, with the knowledge, acquiescence and consent of the said defendants Austgen & Pfeiffer, took posses-

sion of the said rear room in common with them for the purpose of making certain alterations, changes and repairs therein; and in making said alterations, changes and repairs, said Adolph Ley carelessly and negligently caused a portion of the flooring in said rear room to be removed and left in a dangerous and unsafe condition, said Adolph A. Ley still having possession of said room in common with the said defendants, Austgen & Pfeiffer; that the fact that said flooring had been carelessly and negligently removed and left in a dangerous and unsafe condition was well known to the defendants, Austgen & Pfeiffer.''

The description of Ley ''as owner of said premises,'' is not sufficient, for that is no allegation that the landlord had a right to enter for the purpose of making repairs without his tenants' consent. Indeed such consent is specifically pleaded. Nor is the allegation that the landlord was in ''possession of said room in common with the said defendants,'' the tenants, of controlling force.

Such is the possession of a contractor in cases like this, but here the petition shows that the contractor had left for the day and the tenants were in sole possession, for the accident happened at nine o'clock in the evening.

Both of these propositions are covered in the opinion in the case of *Shindlebeck* v. *Moon,* 32 O. S., 264, 274, and in following that authority, the trial judge properly sustained the demurrer.

Judgment affirmed.